**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEWIS R. BROWN | : | |
| | : | |
| Appellant | : | No. 197 EDA 2024 |

Appeal from the PCRA Order Entered December 20, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004968-2021

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 24, 2025**

Appellant, Lewis R. Brown, appeals from the December 20, 2023 order entered in the Delaware County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. Counsel for Appellant has filed a ***Turner***/***Finley***[1] no-merit brief and a petition to withdraw as counsel.[2] After careful review, we grant counsel's petition to withdraw and affirm the PCRA court's order.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant's counsel purports to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as is the case here, the dictates of ***Turner*** and ***Finley*** are applicable. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders***, but under ***Turner*** and ***Finley***). However,
*(Footnote Continued Next Page)*

The relevant facts and procedural history are as follows. On June 21, 2022, Appellant entered an open guilty plea to Insurance Fraud, Theft by Deception, Criminal Use of a Communication Facility, and Conspiracy to Commit Insurance Fraud. In pleading guilty, Appellant admitted that he called his insurance company regarding a fraudulent claim from Delaware County and received payment for the fraudulent claim at his residence in Delaware County. On August 15, 2022, the trial court sentenced Appellant to a term of 18 to 48 months of incarceration, a concurrent term of 6 years of probation, and restitution.

On August 24, 2022, plea counsel filed a post-sentence motion for reconsideration of sentence, which the trial court granted. The court resentenced Appellant to a term of 15 to 36 months of incarceration, a concurrent term of 6 years of probation, and restitution.

On October 11, 2022, Appellant obtained new counsel who filed a motion for reconsideration of sentence, which the trial court denied. Appellant did not file a direct appeal from his judgment of sentence.

On November 16, 2022, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel who, on March 14, 2023, filed an amended petition. In the amended petition, Appellant baldly asserted that Philadelphia County was the proper jurisdiction for this matter because the conduct

_____

because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no merit" letter. **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We will refer to counsel's erroneously titled **Anders** brief as a **Turner**/**Finley** brief.

- 2 -

underlying the charges against him "occurred via telephone communication in the City of Philadelphia" and no criminal behavior occurred in Delaware County. Amended PCRA Petition, 3/14/23, at ¶ 6-7, 9. He, thus, claimed that his plea counsel was ineffective for failing to "raise a jurisdiction argument." *Id.* at ¶ 5.

On June 8, 2023, the Commonwealth filed a motion to dismiss Appellant's petition, arguing that Appellant did not develop or support his claim that plea counsel was ineffective for failing to challenge the trial court's jurisdiction. The Commonwealth also disputed Appellant's claim that the trial court lacked jurisdiction over the matter and observed that Appellant's claim was, in fact, a challenge to venue and not to jurisdiction.

Appellant filed an answer to the motion to dismiss in which he conceded that "venue would have been appropriate in either Delaware County of Philadelphia County," but asserted a "belief that had this matter been heard in Philadelphia County the likely disposition would have been a more generous negotiated plea agreement given the reputation of the respective jurisdictions." Response, 7/5/23, at 2 (unpaginated). Appellant contended that the Commonwealth, "cognizant of the likely sentencing disparity had the matter been heard in Philadelphia County," engaged in "forum shopping." *Id.* Appellant did not, however, address the Commonwealth's position that he had failed to develop or support his ineffectiveness of counsel claim in the PCRA petition, nor did he attempt to do so within his response to the motion to dismiss.

On September 19, 2023, the PCRA court held a hearing on the petition, permitting Appellant to speak. Appellant stated that he believed Delaware County lacked jurisdiction because all criminal conduct occurred in Philadelphia County. N.T. Hr'g, 9/19/23, at 4. Appellant's counsel "rel[ied] on [his] submission as far as argument." *Id.* No other witnesses testified at the hearing and Appellant did not offer any evidence in support of his ineffective assistance of counsel claim. On December 20, 2023, the PCRA court denied Appellant's petition.

This timely appeal followed. On March 22, 2024, counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw in lieu of a Rule 1925(b) statement. On June 10, 2024, the PCRA court filed a Rule 1925(a) opinion.

Appellant's counsel raised the following issues in the *Turner*/*Finley* brief:

> A. Did the [PCRA] court abuse its discretion by denying [] Appellant's [PCRA] petition after a hearing where he presented evidence that jurisdiction and/or venue was improper in Delaware County, Pennsylvania, where all the criminal conduct occurred in Philadelphia County?
>
> B. Was plea counsel ineffective for failing to challenge venue and/or jurisdiction where all criminal conduct occurred in Philadelphia County?

*Turner*/*Finley* Brief at 3.

### A.

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal

on collateral appeal. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009), *abrogated on other grounds by Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). Counsel is then required to submit a "no merit" brief (1) detailing the nature and extent of her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Id.* The Court then conducts its own independent review of the record to determine if the petition is meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record reveals that Appellant's counsel has complied with each of the above requirements. Counsel has presented a comprehensive review of the issues Appellant seeks to raise on appeal and addressed the PCRA court's analysis where appropriate. *Turner*/*Finley* Brief. at 3, 6-14. Based on this analysis, counsel concludes that Appellant's claims are meritless. *Id*. at 6, 14.

In addition, counsel sent Appellant copies of the *Turner*/*Finley* Brief and her petition to withdraw and advised Appellant of his rights in lieu of representation. *See id.* at 10; Application to Withdraw as Counsel, 9/5/24, at Appendix. Because counsel has complied with the *Turner*/*Finley* requirements, we will proceed with our analysis of Appellant's claim and independent review of the record.

**B.**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Id.*

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* at § 9543(a)(3), (a)(4).

Appellant asserts that his plea counsel was ineffective. We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009).

To overcome this presumption, a petitioner must establish that: (1) "the underlying claim has arguable merit;" (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. *Jarosz*, 152 A.3d at 350. Finally, it is well-settled that counsel is not ineffective for failing to raise a meritless claim. *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

In addressing Appellant's issues, the PCRA court explained that it dismissed Appellant's petition because: (1) Delaware County had jurisdiction over the matter and venue was proper there because it is the place where the crime occurred; and (2) Appellant "did not demonstrate that counsel's performance was deficient or that such deficiency prejudiced him." PCRA Ct. Op, 12/20/23, at 6; PCRA Ct. Op., 6/10/24, at 8-9.

Our review of the record confirms the trial court's conclusions. First, notwithstanding Appellant's claim at the PCRA hearing that his criminal conduct took place only in Philadelphia County, the record reflects that Appellant received payment on the fraudulent insurance claim underlying this matter at his residence in Delaware County. Thus, venue was proper in Delaware County. Second, Appellant failed to provide any evidence to support

his claim that had counsel filed a motion to change venue the outcome of this case would likely have been different. In fact, given that Delaware County had jurisdiction over this matter and venue was proper there, the trial court would likely have denied any motion to transfer venue and, thus, the outcome of this case would have likely been the same. We conclude that the PCRA court's decision is supported by the evidence of record and free from legal error. Accordingly, Appellant's claims merit no relief. We, thus, grant counsel's petition to withdraw and affirm the PCRA court's order.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/24/2025

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEWIS R. BROWN | : | |
| | : | |
| Appellant | : | No. 197 EDA 2024 |

Appeal from the PCRA Order Entered December 20, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004968-2021

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 24, 2025**

Appellant, Lewis R. Brown, appeals from the December 20, 2023 order entered in the Delaware County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. Counsel for Appellant has filed a **Turner**/**Finley**[1] no-merit brief and a petition to withdraw as counsel.[2] After careful review, we grant counsel's petition to withdraw and affirm the PCRA court's order.

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant's counsel purports to withdraw under **Anders v. California**, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as is the case here, the dictates of **Turner** and **Finley** are applicable. **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under **Anders**, but under **Turner** and **Finley**). However,
*(Footnote Continued Next Page)*

The relevant facts and procedural history are as follows. On June 21, 2022, Appellant entered an open guilty plea to Insurance Fraud, Theft by Deception, Criminal Use of a Communication Facility, and Conspiracy to Commit Insurance Fraud. In pleading guilty, Appellant admitted that he called his insurance company regarding a fraudulent claim from Delaware County and received payment for the fraudulent claim at his residence in Delaware County. On August 15, 2022, the trial court sentenced Appellant to a term of 18 to 48 months of incarceration, a concurrent term of 6 years of probation, and restitution.

On August 24, 2022, plea counsel filed a post-sentence motion for reconsideration of sentence, which the trial court granted. The court resentenced Appellant to a term of 15 to 36 months of incarceration, a concurrent term of 6 years of probation, and restitution.

On October 11, 2022, Appellant obtained new counsel who filed a motion for reconsideration of sentence, which the trial court denied. Appellant did not file a direct appeal from his judgment of sentence.

On November 16, 2022, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel who, on March 14, 2023, filed an amended petition. In the amended petition, Appellant baldly asserted that Philadelphia County was the proper jurisdiction for this matter because the conduct

_____

because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no merit" letter. **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We will refer to counsel's erroneously titled **Anders** brief as a **Turner**/**Finley** brief.

underlying the charges against him "occurred via telephone communication in the City of Philadelphia" and no criminal behavior occurred in Delaware County. Amended PCRA Petition, 3/14/23, at ¶ 6-7, 9. He, thus, claimed that his plea counsel was ineffective for failing to "raise a jurisdiction argument." *Id.* at ¶ 5.

On June 8, 2023, the Commonwealth filed a motion to dismiss Appellant's petition, arguing that Appellant did not develop or support his claim that plea counsel was ineffective for failing to challenge the trial court's jurisdiction. The Commonwealth also disputed Appellant's claim that the trial court lacked jurisdiction over the matter and observed that Appellant's claim was, in fact, a challenge to venue and not to jurisdiction.

Appellant filed an answer to the motion to dismiss in which he conceded that "venue would have been appropriate in either Delaware County of Philadelphia County," but asserted a "belief that had this matter been heard in Philadelphia County the likely disposition would have been a more generous negotiated plea agreement given the reputation of the respective jurisdictions." Response, 7/5/23, at 2 (unpaginated). Appellant contended that the Commonwealth, "cognizant of the likely sentencing disparity had the matter been heard in Philadelphia County," engaged in "forum shopping." *Id.* Appellant did not, however, address the Commonwealth's position that he had failed to develop or support his ineffectiveness of counsel claim in the PCRA petition, nor did he attempt to do so within his response to the motion to dismiss.

On September 19, 2023, the PCRA court held a hearing on the petition, permitting Appellant to speak. Appellant stated that he believed Delaware County lacked jurisdiction because all criminal conduct occurred in Philadelphia County. N.T. Hr'g, 9/19/23, at 4. Appellant's counsel "rel[ied] on [his] submission as far as argument." *Id.* No other witnesses testified at the hearing and Appellant did not offer any evidence in support of his ineffective assistance of counsel claim. On December 20, 2023, the PCRA court denied Appellant's petition.

This timely appeal followed. On March 22, 2024, counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw in lieu of a Rule 1925(b) statement. On June 10, 2024, the PCRA court filed a Rule 1925(a) opinion.

Appellant's counsel raised the following issues in the *Turner*/*Finley* brief:

> A. Did the [PCRA] court abuse its discretion by denying [] Appellant's [PCRA] petition after a hearing where he presented evidence that jurisdiction and/or venue was improper in Delaware County, Pennsylvania, where all the criminal conduct occurred in Philadelphia County?
>
> B. Was plea counsel ineffective for failing to challenge venue and/or jurisdiction where all criminal conduct occurred in Philadelphia County?

*Turner*/*Finley* Brief at 3.

### A.

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal

on collateral appeal. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009), *abrogated on other grounds by **Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). Counsel is then required to submit a "no merit" brief (1) detailing the nature and extent of her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. ***Id.*** The Court then conducts its own independent review of the record to determine if the petition is meritless. ***Id.*** Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record reveals that Appellant's counsel has complied with each of the above requirements. Counsel has presented a comprehensive review of the issues Appellant seeks to raise on appeal and addressed the PCRA court's analysis where appropriate. ***Turner*/*Finley*** Brief. at 3, 6-14. Based on this analysis, counsel concludes that Appellant's claims are meritless. ***Id***. at 6, 14.

In addition, counsel sent Appellant copies of the ***Turner*/*Finley*** Brief and her petition to withdraw and advised Appellant of his rights in lieu of representation. ***See id.*** at 10; Application to Withdraw as Counsel, 9/5/24, at Appendix. Because counsel has complied with the ***Turner*/*Finley*** requirements, we will proceed with our analysis of Appellant's claim and independent review of the record.

- 5 -

**B.**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Id.*

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* at § 9543(a)(3), (a)(4).

Appellant asserts that his plea counsel was ineffective. We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009).

To overcome this presumption, a petitioner must establish that: (1) "the underlying claim has arguable merit;" (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. *Jarosz*, 152 A.3d at 350. Finally, it is well-settled that counsel is not ineffective for failing to raise a meritless claim. *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

In addressing Appellant's issues, the PCRA court explained that it dismissed Appellant's petition because: (1) Delaware County had jurisdiction over the matter and venue was proper there because it is the place where the crime occurred; and (2) Appellant "did not demonstrate that counsel's performance was deficient or that such deficiency prejudiced him." PCRA Ct. Op, 12/20/23, at 6; PCRA Ct. Op., 6/10/24, at 8-9.

Our review of the record confirms the trial court's conclusions. First, notwithstanding Appellant's claim at the PCRA hearing that his criminal conduct took place only in Philadelphia County, the record reflects that Appellant received payment on the fraudulent insurance claim underlying this matter at his residence in Delaware County. Thus, venue was proper in Delaware County. Second, Appellant failed to provide any evidence to support

his claim that had counsel filed a motion to change venue the outcome of this case would likely have been different. In fact, given that Delaware County had jurisdiction over this matter and venue was proper there, the trial court would likely have denied any motion to transfer venue and, thus, the outcome of this case would have likely been the same. We conclude that the PCRA court's decision is supported by the evidence of record and free from legal error. Accordingly, Appellant's claims merit no relief. We, thus, grant counsel's petition to withdraw and affirm the PCRA court's order.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/24/2025